# Exhibit C

FILED: WESTCHESTER COUNTY CLERK 02/25/2016 03:34 PM                INDEX NO. 52348/2016
NYSCEF DOC. NO. 1                                                  RECEIVED NYSCEF: 02/25/2016

| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF WESTCHESTER | SUMMONS |
|---|---|
| AISHA AGYIN,<br><br>         Plaintiff,<br><br>     -against-<br><br>SHAHRAM RAZMZAN, M.D.,ST. JOHN'S RIVERSIDE HOSPITAL, YONKERS – PARK CARE HEALTH CENTER an entity of HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE, HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE,<br><br>         Defendants, | Index Number:<br>Date Purchased:<br><br>Plaintiff designates Westchester County as the place of trial<br><br>The basis of venue is the defendant's place of business. |

**TO THE ABOVE-NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C. within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  Mineola, New York
    February 25, 2016

                Yours, etc.,

                LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.
                *Attorneys for Plaintiff*
                131 Mineola Blvd., Suite 102
                Mineola, New York 11501
                (516) 873-6300

**TO:**   SHAHRAM RAZMZAN, M.D.
    Park Avenue Yonkers
    2 Park Avenue
    Yonkers, New York 10703

ST. JOHN'S RIVERSIDE HOSPITAL
2 Park Avenue
Yonkers, NY 10703

ST. JOHN'S RIVERSIDE HOSPITAL
967 NORTH BROADWAY
YONKERS, NEW YORK, 10701

YONKERS – PARK CARE HEALTH CENTER
an entity of HUDSON RIVER HEALTHCARE, INC.
d/b/a HRHCARE
2 Park Avenue
Yonkers, NY 10703

HUDSON RIVER HEALTHCARE, INC.
d/b/a HRHCARE
1037 Main Street
Peekskill, New York 10566

&

SECRETARY OF STATE

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF WESTCHESTER | VERIFIED COMPLAINT |
| AISHA AGYIN,<br><br>            Plaintiff,<br><br>     -against-<br><br>SHAHRAM RAZMZAN, M.D.,ST. JOHN'S RIVERSIDE HOSPITAL, YONKERS – PARK CARE HEALTH CENTER an entity of HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE, HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE,<br><br>            Defendants, | Index Number:<br>Date Purchased: |

Plaintiffs, by their attorneys, THE LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C. complaining of the defendants, alleges upon information and belief as follows:

1. That at all times stated herein, the plaintiff was a resident of the County of Westchester, State of New York, residing at 218 Mary Lou Avenue, Yonkers, NY 10703.

2. That at all times stated herein, the defendant ST. JOHN'S RIVERSIDE HOSPITAL was and is a medical institution with facilities located at 967 North Broadway, Yonkers, NY 10701 in the county of Westchester, State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

3. That at all times stated herein, defendant, SHAHRAM RAZMZAN, M.D., was a physician duly licensed to practice medicine in the State of New York.

4. That at all times hereinafter mention, the defendant,SHAHRAM RAZMZAN, M.D., was a physician holding himself/herself out to the general public as being competent in the care and treatment of patients and able to treat patients in general, and plaintiff herein in particular, in accordance with the acceptable standards of medical practice.

5. That at all times stated herein, the defendant, ST. JOHN'S RIVERSIDE HOSPITAL, was and is a medical institution with facilities located at 967 North Broadway, Yonkers, NY 10701.

6. That at all times hereinafter mentioned, the defendant, ST. JOHN'S RIVERSIDE HOSPITAL, held itself out as a hospital qualified, equipped and staffed to treat persons with ailments and, more particularly, with the type of ailment such as suffered by the plaintiff.

7. That at all times stated herein, the defendant YONKERS – PARK CARE HEALTH CENTER an entity of HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE, and is a medical institution with facilities located at 2 Park Avenue, Yonkers, NY 10703.

8. That at all times hereinafter mentioned, the defendant, YONKERS – PARK CARE HEALTH CENTER an entity of HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE, INC., held itself as a facility qualified, equipped and staffed to treat persons with ailments and, more particularly, with the type of ailment such as suffered by the plaintiff

9. That at all times stated herein, the defendant HUDSON RIVER HEALTHCARE d/b/a HRHCARE, and is a medical institution with facilities located at 2 Park Avenue, Yonkers, NY 10703.

10. That at all times hereinafter mentioned, the defendant, HUDSON RIVER HEALTHCARE, INC., held itself as a facility qualified, equipped and staffed to treat persons with ailments and, more particularly, with the type of ailment such as suffered by the plaintiff

11. That on or about July 2014 through October 7, 2014 and for other periods of time prior and subsequent thereto, the defendants undertook treatment of the plaintiff herein.

12. That the defendants, their agents, servants, partners, residents and/or employees were negligent in the care rendered for and on behalf of the plaintiff, in negligently failing and neglecting to use reasonable care in their services and care rendered for and on behalf of the injured plaintiffs' condition, in negligently departing from accepted practices in the services rendered for and on behalf of the plaintiffs, in failing to follow good practice, in performing contraindicated procedures on the plaintiff, in failing to perform

indicated procedures in a proper manner, in performing indicated procedures negligently on the plaintiff and negligently performing procedures on the plaintiff. The defendants, their agents, servants and employees were otherwise careless, reckless and negligent under the circumstances then and there existing. In addition to the foregoing, plaintiff reserves the right to rely on the doctrine res ipsa loquitur.

13. That the defendants, their agents, servants, partners, residents, interns, consultants, attendants, and/or employees were negligent, careless, reckless, grossly negligent and departed from accepted standards of medical practice in their care of plaintiff **AISHA AGYIN** during her pregnancy, labor and delivery for her twins.

14. That plaintiff **AISHA AGYIN** was in the zone of danger when the conduct of defendants caused injury and death to her unborn child, and that **AISHA AGYIN** was in imminent and immediate danger therefrom as a result of defendants conduct.

15. As a result of the foregoing, the Plaintiff, **AISHA AGYIN**, was proximately caused to be rendered sick, lame and disabled, and to have suffered injuries including but not limited to conscious pain and mental anguish, was compelled to seek medical care, incurred expenses, becoming permanently injured and disabled, forced to undergo otherwise unnecessary surgeries/procedures, was caused to have a failed pregnancy/miscarriage and/or give birth to a still-born child, and was caused to suffer severe emotional and psychological distress and injury as the result of the still-birth of her child

16. That the foregoing occurrence was caused solely and wholly as a result of the negligence of the defendants, their agents, servants, and employees, without any negligence on the part of the plaintiff contributing thereto.

17. As a result of the foregoing, the plaintiffs were rendered sick and disabled, suffered injuries, pain and mental anguish, suffered severe emotion and psychological distress and injury, was compelled to seek medical care, incurred expenses and was permanently injured and disabled.

18. That the plaintiffs have been damaged in amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

19. The plaintiffs repeat, reiterate, realleges each and every allegation set forth above with the same force and effect as it hereinafter set forth at length.

20. The defendants by their agents, servants, employees, partners and/or others acting within their control failed to advise of the risks, hazards and danger inherent in the treatment rendered, failed to advise of the alternatives thereto and failed to obtain a proper informed consent.

21. The defendants failed to disclose to the plaintiff such alternatives to the treatment and the reasonably foreseeable risks and benefits involved as a reasonable medical provider under similar circumstances would have disclosed in a manner permitting the patient to make a knowledgeable evaluation.

22. A reasonably prudent person in plaintiff's position would not have undergone the treatment if she had been properly informed, and the lack of informed consent is a proximate cause of the injury for which relief is sought.

23. That the foregoing occurrence was caused solely and wholly as a result of the negligence of the defendants, their agents, servants, and employees, without any negligence on the part of the plaintiff contributing thereto.

24. As a result of the foregoing, the Plaintiff **AISHA AGYIN**, was rendered sick and disabled, suffered injuries, pain and mental anguish, suffered severe emotion and psychological distress and injury, was compelled to seek medical care, incurred expenses and was permanently injured and disabled.

25. That the plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants, on the FIRST AND SECOND, CAUSES OF ACTION, in an amount exceeding the jurisdictional limits of all lower courts, together with the costs and disbursements of this action.

Dated: Mineola, New York
February 25, 2016

Yours etc.

Law Offices of
JOSEPH M. LICHTENSTEIN, P.C.
*Attorneys for Plaintiffs*
131 Mineola Blvd., Suite 102
Mineola, New York 11501
516. 873.6300

## ATTORNEY'S CERTIFICATION

Pursuant to Section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR) the within **SUMMONS & COMPLAINT** TO CPLR 3101(d) is certified to the best of the undersigned knowledge, information and belief, formed after an inquiry reasonable under the circumstances. The presentations of the papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1.

Dated: Mineola, New York
       February 25, 2016

_____
JOSEPH M. LICHTENSTEIN

## ATTORNEY'S VERIFICATION

Joseph M. Lichtenstein, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalties of perjury; I am attorney of record for AISHA AGYIN, in the within action; I have read the foregoing **VERIFIED SUMMONS AND COMPLAINT**, and know the contents thereof; the same is true to my own knowledge except as to those matters said to be upon information and belief and as to those matters I believe them to be true.

This affirmation is submitted by the undersigned because the plaintiff is not in the county where I maintain my office.

Dated: Mineola, New York
February 25, 2016

_____
JOSEPH M. LICHTENSTEIN

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF WESTCHESTER | CERTIFICATE OF MERIT |
| AISHA AGYIN,<br><br>          Plaintiff,<br><br>     -against-<br><br>SHAHRAM RAZMZAN, M.D., ST. JOHN'S RIVERSIDE HOSPITAL, YONKERS – PARK CARE HEALTH CENTER an entity of HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE, HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE,<br><br>          Defendants, | Index Number:<br>Date Purchased: |

JOSEPH M. LICHTENSTEIN, the attorney for the plaintiff in the above action, declares that a physician licensed to practice in the State of New York, who is knowledgeable of the relevant issues, was consulted.

On the basis of this consultation, the attorney has concluded that there is a reasonable basis for commencement of this action.

Dated: Mineola, New York
    February 25, 2016

                             _____
                               JOSEPH LICHTENSTEIN

FILED: WESTCHESTER COUNTY CLERK 09/28/2016 03:25 PM    INDEX NO. 52348/2016
NYSCEF DOC. NO. 15                                      RECEIVED NYSCEF: 09/28/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

INDEX #: 52348/2016
DATE FILED: 2/25/2016
COURT DATE:
Job #: 470974
Your File No:

AISHA AGYIN

                                                    Plaintiff
            vs
SHAHRAM RAZMZAN, M.D., ET. AL

JOSEPH M. LICHTENSTEIN, PC
131 MINEOLA BLVD, #102
MINEOLA, NY 11501
COURT DATE

                                                    Defendant

CLIENT'S FILE NO.:                           **AFFIDAVIT OF PERSONAL SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU ss:

I, Patrick Laurenceau, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 3/8/2016 at 3:11 PM at
    1022 NORTH BROADWAY, YONKERS, NY 10703

Deponent served the within SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING
on SHAHRAM RAZMZAN, M.D. recipient therein named.
THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 2/25/2016

By personally delivering to and leaving with said SHAHRAM RAZMZAN, M.D. a true copy thereof and that he knew the person so served to be the person mentioned and described in said SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING

A description of the recipient or other person served on behalf of the recipient is as follows.
**Approx Age:** 50, **Approx Weight:** Over 200 Lbs., **Approx Height:** 5ft 9in - 6ft 0in, **Sex:** Male, **Approx Skin:** White, **Approx Hair:** Gray, **Other:**

Deponent spoke to and confirmed the above address of the defendant and asked whether defendant was in active military service of the United States or the State of New York in any capacity whatever or is a dependent of anyone the military and receved a negative reply. Defendant wore ordinary civilian clothes and no military uniform.The source of my information and the grounds of my belief are the conversations and observations above narrated.Upon information and belief I aver that defendant is not in the military service of New York State or of the United States as that term is defined in either the state or federal statutes.

Sworn to before me on 3/9/2016
Jason A Saccone 01SA6001537
Notary Public, State of New York
Qualified in Nassau County
Commission Expires January 20th 2018



Patrick Laurenceau

FILED: WESTCHESTER COUNTY CLERK 09/28/2016 03:25 PM | INDEX NO. 52348/2016
NYSCEF DOC. NO. 16 | RECEIVED NYSCEF: 09/28/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

AISHA AGYIN

*Plaintiff*

vs

SHAHRAM RAZMZAN, M.D., ET. AL

*Defendant*

INDEX #: 52348/2016
DATE FILED: 2/25/2016
COURT DATE:
Job #: 470977
Your File No:

JOSEPH M. LICHTENSTEIN, PC
131 MINEOLA BLVD, #102
MINEOLA, NY 11501
COURT DATE

CLIENT'S FILE NO.:

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU   ss:

I, Gary Dipaolo, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 3/2/2016 at 3:45 PM at 1037 MAIN STREET, PEEKSKILL, NY 105666, deponent served the within SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING by personally delivering to and leaving with MAUREEN PAUL for HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE, a true copy thereof, and that deponent knew the person so served to be the MANAGING AGENT/ and stated (s)he was authorized to accept legal papers for the defendant/recipeint herein.

THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 2/25/2016

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 51 - 65 Yrs., **Approx Weight**: 100-130 Lbs., **Approx Height**: 5ft 4in - 5ft 8in, **Sex**: Female, **Approx Skin**: White, **Approx Hair**: Brown, **Other**: WORE GLASSES

Sworn to before me on 3/3/2016
Jason A Saccone 01SA6001537
Notary Public, State of New York
Qualified in Nassau County
Commission Expires January 20th 2018

Gary Dipaolo

FILED: WESTCHESTER COUNTY CLERK 09/28/2016 03:25 PM   INDEX NO. 52348/2016
NYSCEF DOC. NO. 17                                    RECEIVED NYSCEF: 09/28/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

N
INDEX #: 52348/2016
DATE FILED: 2/25/2016
COURT DATE:
Job #: 470976
Your File No:

AISHA AGYIN

*Plaintiff*

vs

SHAHRAM RAZMZAN, M.D., ET. AL.

*Defendant*

JOSEPH M. LICHTENSTEIN, PC
131 MINEOLA BLVD, #102
MINEOLA, NY 11501
COURT DATE

CLIENT'S FILE NO.:                                    **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU   ss:

I, Patrick Laurenceau, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 3/7/2016 at 1:40 PM at 967 NORTH BROADWAY, YONKERS, NY 10701, deponent served the within SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING by personally delivering to and leaving with PHYLLIS BAZERMAN for ST. JOHN'S RIVERSIDE HOSPITAL, YONKERS-PARK CARE HEALTH CENTER an entity of HUDSON RIVER HEALTHCARE, INC. d/b/a HRHCARE, a true copy thereof, and that deponent knew the person so served to be the MANAGER AUTHORIZED TO ACCEPT SERVICE/ and stated (s)he was authorized to accept legal papers for the defendant/recipeint herein.

THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 2/25/2016

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 56, **Approx Weight**: 161-200 Lbs., **Approx Height**: 5ft 4in - 5ft 8in, **Sex**: Female, **Approx Skin**: White, **Approx Hair**: Brown, **Other**: WORE GLASSES

Sworn to before me on 3/9/2016
Jason A Saccone 01SA6001537
Notary Public, State of New York
Qualified in Nassau County
Commission Expires January 20th 2018

Patrick Laurenceau

R/D Traveler's 206 Stonehinge Ln - Ste 2, Carle Place, NY 11514 - NYC DCA Llc# 1373465

1 of 1

| FILED: WESTCHESTER COUNTY CLERK 09/28/2016 03:25 PM | INDEX NO. 52348/2016 |
|---|---|
| NYSCEF DOC. NO. 18 | RECEIVED NYSCEF: 09/28/2016 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

INDEX #: 52348/2016
DATE FILED: 2/25/2016
COURT DATE:
Job #: 470975
Your File No:

AISHA AGYIN

*Plaintiff*

vs

SHAHRAM RAZMZAN, M.D., ET. AL

JOSEPH M. LICHTENSTEIN, PC
131 MINEOLA BLVD, #102
MINEOLA, NY 11501
COURT DATE

*Defendant*

CLIENT'S FILE NO.:

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU   ss:

I, Patrick Laurenceau, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 3/7/2016 at 1:40 PM at 967 NORTH BROADWAY, YONKERS, NY 10701, deponent served the within SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING by personally delivering to and leaving with PHYLLIS BAZERMAN for ST. JOHN'S RIVERSIDE HOSPITAL, a true copy thereof, and that deponent knew the person so served to be the MANAGER AUTHORIZED TO ACCEPT SERVICE/ and stated (s)he was authorized to accept legal papers for the defendant/recipeint herein.

THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 2/25/2016

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 55, **Approx Weight**: 161-200 Lbs., **Approx Height**: 5ft 4in - 5ft 8in, **Sex**: Female, **Approx Skin**: White, **Approx Hair**: Brown, **Other**: WORE GLASSES

Sworn to before me on 3/9/2016
Jason A Saccone 01SA6001537
Notary Public, State of New York
Qualified in Nassau County
Commission Expires January 20th 2018



Patrick Laurenceau

R/D Traveler's 206 Stonehinge Ln - Ste 2, Carle Place, NY 11514 - NYC DCA Lic# 1373465
1 of 1